IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

**ORIGINAL**

GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUN 1 3 2002

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Action No. |
| | ) | |
| WILLIAM EMMETT LECROY, JR. | ) | 2:02-CR-38 |
| | ) | |

## AGREED UPON MOTION FOR CONTINUANCE UNDER THE SPEEDY TRIAL ACT

COMES NOW Defendant, WILLIAM EMMETT LECROY, JR., by and through undersigned counsel, and files this Motion, seeking a continuance that will stop the "clock" under the Speedy Trial Act. The government has agreed to this request.

The indictment in this case alleges that the defendant was involved in a carjacking that resulted in the death of another person. Under 18 U.S.C. §2119, the penalty for such a crime potentially includes a death sentence. The United States Attorney has informed defense counsel that the government will be following its protocols to determine whether it will seek the death penalty. Those protocols allow for the defense to make a presentation both at the local level, and to the Department of Justice in Washington. Until those protocols are finished, the government cannot make a final determination as to whether to seek the death sentence in this case.

16

If the government does decide to seek the death penalty, its must file a notice pursuant to 18 U.S.C. §3593(a). If such a notice is filed, both the defense and the government agree that the "nature of the prosecution" will make this the sort of case eligible for a continuance which will stop the "clock" under the Speedy Trial Act, 18 U.S.C. §3161, et., seq.

As a general rule, the Speedy Trial Act requires that a trial commence within 70 days after a defendant makes his or her initial appearance in court. There are a number of periods of "excludable time" under the Act which can stop the Speedy Trial "clock". One such period is found in §3161(h)(8). This subsection permits a judge to grant a continuance "on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". In §3161(h)(8)(B), Congress set out various factors to be considered when a judge is considering such a continuance. "[T]he nature of the prosecution" is one such factor, if "it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by this section." §3161(h)(8)(B)(ii).

The parties in this case agree that the "nature of the prosecution" at the present time makes it "unreasonable to expect adequate preparation" within the time limits established" in the Speedy Trial Act. If the government does ultimately file a death penalty notice under §3593, this case will require significantly more

preparation than if such notice is not filed.  However, as set out above, the protocols required in such cases mandate that the final decision is delayed until after the Department of Justice has heard from the defense and the local United States Attorney's Office.  The parties anticipate that such a final decision could take several more months.  If the Department of Justice does not authorize a death penalty notice, the parties also agree that the "nature of the prosecution" will then no longer authorize the continuance requested in this Motion.

Based on the foregoing, the Defendant asks, with agreement of the government, for a continuance pursuant to 18 U.S.C. §3161(h)(8)(B)(ii).  Such a continuance will last at least until the time that the government informs the defendant and the Court as to whether it will be filing a notice of death penalty in this case.

Dated:  This 12th day of June, 2002.

Respectfully submitted,

PAUL KISH
STATE BAR NO: 424277

STEPHANIE A. KEARNS
STATE BAR NO. 409950

BRIAN MENDELSOHN
STATE BAR NO. 502031

Federal Defender Program, Inc.
Suite 200, The Equitable Building
100 Peachtree Street
Atlanta, Georgia  30303
404/688-7530

and

DANIEL A. SUMMER
STATE BAR NO. 691759

COUNSEL FOR DEFENDANT WILLIAM EMMETT LECROY, JR.

4



## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

This is to certify that I have this day served a copy of the foregoing Motion for

Continuance, which is prepared in compliance with LR 5.1B, upon:

> Russell Vineyard,Esq.
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia  30303

by hand delivering a copy of the same.

Dated:  This/24/day of June, 2002.

PAUL KISH
STATE BAR NO: 424277
ATTORNEY FOR WILLIAM EMMETT LECROY, JR.