FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUN 2 0 2002

LUTHER D. THOMAS, Clerk
By:
                    Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| v. | : | |
| WILLIAM EMMETT LECROY, JR. | : | NO. 2:02-CR-038 |

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PETIT JURY CHALLENGE AND MOTION TO STAY PROCEEDINGS AND/OR MOTION TO DISMISS INDICTMENT GRAND JURY CHALLENGE

The United States of America, by and through the United States Attorney for the Northern District of Georgia, files this consolidated response to defendant's "Motion to Stay Proceedings Petit Jury Challenge" and "Motion to Stay Proceedings and/or Motion to Dismiss Indictment Grand Jury Challenge," as follows:

### I.  Introduction

Defendant William Emmett LeCroy, Jr., has filed a motion challenging the petit jury composition and selection process of the Northern District of Georgia, Gainesville Division, and a motion challenging the grand jury composition and selection process of the entire Northern District of Georgia.  In these motions, defendant asserts that "there *may* be a substantial under-representation of African Americans and persons of Hispanic origin" in the master jury wheel from which the petit jury and grand jury were drawn. (Def.'s Mot. at 3)(emphasis added).  Defendant contends that the under-representation of African Americans and Hispanics results from the exclusive use of voter registration lists in the selection

without a hearing for the following reasons

18

of the grand jury for the Northern District of Georgia and the petit jury for the Gainesville Division. Defendant alleges that his Fifth and Sixth Amendment rights to a jury drawn from a "fair cross-section" of the community have been violated and that the under-representation results from a "substantial failure to comply with the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861, *et seq.* Defendant's motions are without merit and should be denied without a hearing for the following reasons.

## II.   Argument and Citation of Authorities

### A.   Constitutional Challenges.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a jury selected from a group representing a fair cross-section of the community. United States v. Tuttle, 729 F.2d 1325, 1327 (11th Cir. 1984); Duren v. Missouri, 439 U.S. 357 (1979); Taylor v. Louisiana, 419 U.S. 522 (1975). The Supreme Court in Duren set forth the elements a defendant must establish to demonstrate a *prima facie* violation of the fair cross-section requirement:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

439 U.S. at 364; United States v. Terry, 60 F.3d 1541, 1544 (11th Cir. 1995). If the defendant fails to establish even one element

of the *prima facie* case, then the Sixth Amendment challenge fails. United States v. Pepe, 747 F.2d 632, 649 (11th Cir. 1984). Defendant's motions fail to satisfy this standard on several points.

### 1.    The Distinct Group Element

The defendant identifies two allegedly under-represented groups: African Americans and persons of Hispanic origin. Whether a described class of persons is sufficiently distinct and cognizable for fair cross-section analysis is a question of fact. Hernandez v. Texas, 347 U.S. 475, 478 (1954). In order to establish that a particular group of individuals represents a cognizable class, the defendant must show that: (1) the group is defined and limited by some factor (i.e., the group has a definite composition such as race and sex); (2) the group shares a common thread or basic similarities in attitude, ideals, or experiences; and (3) the group shares a community of interest such that the group's interest cannot be represented adequately if the group is excluded from the jury selection process. Willis v. Zant, 720 F.2d 1212, 1216-17 (11th Cir. 1984), citing, Duren, 439 U.S. at 364; Ford v. Seabold, 841 F.2d 677, 681-83 (6th Cir. 1988).

While it is well-settled that African Americans are a distinctive community group, see Taylor v. Louisiana, 419 U.S. 522, 526 (1975); Bryant v. Wainwright, 686 F.2d 1373, 1376 (11th Cir. 1982), the same can not be said for "persons of Hispanic origin."

3