ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

- 2002

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

UNITED STATES OF AMERICA        :
                                :       CRIMINAL INDICTMENT
        v.                      :
                                :       NO. 2:02-CR-038
WILLIAM EMMETT LECROY, JR.      :

GOVERNMENT'S MOTION FOR RECONSIDERATION

The United States of America, by and through the United States Attorney for the Northern District of Georgia, files this motion for reconsideration of the court's ruling granting defendant's "Motion for Extension of Time for Filing Additional Pretrial Motions," on the basis that inaccurate information was provided to the court at the status conference on June 28, 2002, which may have misled the court about the precedent for granting defendant's motion.

At the status conference, the court heard argument on defendant's "Motion for Extension of Time for Filing Additional Pretrial Motions," and granted the defendant an extension of time to file motions until 90 days after the government files its notice of intent to seek the death penalty or notifies the court that it will not seek the death penalty in this case. During argument in support of the motion, defense counsel cited other capital offense cases from this district as precedent for delaying the filing of motions in this case until 90 days after the death penalty

21

determination is made.  Defense counsel's recollection was that similar extensions of time had been granted in United States v. Battle, Criminal Indictment No. 1:95-CR-528, United States v. Ballinger, Criminal Indictment No. 2:99-CR-26, and United States v. Williams, Criminal Indictment No. 1:90-CR-377.  However, a review of the docket for each of these cases reveals that defense counsel's recollection was mistaken, and each defendant filed non-death penalty motions within 30 days of arraignment.[1]

In Battle, the most recent death penalty prosecution in this district, the defendant was arraigned on December 4, 1995, (Doc-4), and on that same date gave notice of his intent to rely upon the defense of insanity.  (Doc-5).  On December 5, 1995, the government filed a motion for a psychiatric examination of the defendant pursuant to 18 U.S.C. §§ 4241 and 4242, (Doc-7), and the government's motion was granted on December 22, 1995.  (Doc-12). Defendant Battle filed a motion for an extension of time to file pretrial motions and specifically sought additional time for filing death penalty related motions, (Doc-9,11), but that motion was denied without prejudice following a hearing on December 21, 1995. Defendant Battle filed his first substantive pretrial motions on January 3, 1996, (Doc-13-32), within 30 days of arraignment and more than six months before the government filed its notice of

---

[1] In Ballinger and Williams the defendants filed pre-trial motions within 15 days of arraignment.  The death penalty ultimately was not sought in these two cases.

intent to seek the death penalty on July 26, 1996. (Doc-76). After the government filed its death penalty notice, both parties were granted until September 4, 1996, to file death penalty related motions. (Doc-85).

The procedure for pretrial motions proposed by the government in this case is consistent with what the court did in <u>Battle</u>. Absent an extension of time, the local rules require pretrial motions to be filed within 10 days of arraignment. The government recognizes that the nature of this case counsels granting the defendant additional time to file motions, and the government has proposed that the defendant be granted until the end of July, sixty days after arraignment, to file non-death penalty motions. The government's proposal would grant the defendant twice as long to file non-death penalty motions as was granted to the defendant in <u>Battle</u>. It is noteworthy that in <u>Battle</u> the court required motions to be filed within 30 days of arraignment even though the defendant had already raised an insanity defense and was undergoing a psychiatric evaluation at the request of the government. Defendant LeCroy has not raised any issue regarding his mental status or any other issue that would merit delaying the filing of non-death penalty motions for as long as he has requested.

If the government files a notice of intent to seek the death penalty in this case both parties will need additional time to file death penalty related motions. After the government filed its

3

death penalty notice in <u>Battle</u>, the court granted the parties 40 days to file death penalty motions. In this case, the government proposed granting 45 days after notice to file death penalty motions, which would be consistent with the time period granted in <u>Battle</u>. The defendant has offered no justification for seeking more than twice as long to file any motions in this case.

Defense counsel properly called the court's attention to other capital offense cases in this district to provide guidance in determining the procedure and time period for the filing of motions in this case. However, the court was provided incorrect information about the procedure and time periods involved in those cases. When the court considers the dockets of those cases, it is evident that the lengthy extension of time sought by the defendant is unprecedented and unwarranted. Defendant has offered no valid reason why he would be unable to file non-death penalty related motions by the end of this month and death penalty motions within 45 days after the filing of notice if the death penalty is sought.

Absent reconsideration of the court's ruling at the status conference, motions in this case will likely not be filed until December 2002, more than six months after arraignment. Such a lengthy delay does not serve the ends of justice and loses valuable time that could be used to litigate issues relevant to this case whether or not the death penalty is sought. The government respectfully requests the court to reconsider its ruling with the

benefit of the correct information about the time periods granted for filing motions in other capital offense cases and issue an order granting an extension of time consistent with those cases.

Respectfully submitted,

WILLIAM S. DUFFEY, JR.
UNITED STATES ATTORNEY

*Russell G. Vineyard*

RUSSELL G. VINEYARD
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 727890

600 Richard B. Russell Bldg.
75 Spring St., S.W.
Atlanta, GA   30335
404/581-6000

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing document to be served by depositing it into the United States mail with sufficient postage for delivery to defense counsel as follows:

Mr. Daniel A. Summer
Summer & Summer
P.O. Box 921
Gainesville, Georgia 30503

Ms. Stephanie Kearns
Mr. Paul Kish
Mr. Brian Mendelsohn
Federal Defender Program, Inc.
Suite 200, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303

This _1st_ day of _July_, 2002.

_Russell G. Vineyard_

RUSSELL G. VINEYARD
ASSISTANT UNITED STATES ATTORNEY