IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

**ORIGINAL**

GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 1 2 2002

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Action No. |
| | ) | |
| WILLIAM EMMETT LECROY, JR. | ) | 2:02-CR-38 |
| | ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF RULING ON EXTENSION OF TIME FOR FILING ADDITIONAL PRETRIAL MOTIONS

COMES NOW Defendant, WILLIAM EMMETT LECROY, JR., by and through undersigned counsel, and files this Reply to the Motion for Reconsideration recently submitted by the government. In that Motion, the government is asking this Court to reconsider the Order granting Defendant's request for an extension of time for the filing of additional pretrial motions. In its suggestion that the Court reconsider its ruling, the government contends that defense counsel mis-represented the record from other death penalty prosecutions from this District. The government is incorrect.

In assessing this issue, it is important to remember how counsel are appointed for potential death penalty cases. The participation of the Federal Defender Program in such cases is mandated by statute. In 18 U.S.C. §3005, Congress directed that the local defender organization shall make recommendations to the Court as to which attorneys may be appointed in a case potentially involving the death penalty. The recommendations of the local defender organization are required in any case "indicted for treason or other capital

crime...". To be "indicted for [a]...capital crime" means that any time there is the possibility of a death sentence, the local defender organization is, at the very least, consulted on which attorneys are to be appointed. As a result, the Federal Defender Program has been informed about potential death penalty cases even before the government seeks an indictment, or shortly thereafter.

There have been three prosecutions in this District in which the government announced is intention of possibly seeking the death penalty, <u>United States v. Battle</u>, <u>United States v. Williams</u>, and <u>United States v. Ballinger</u>. In <u>Battle</u> and <u>Ballinger</u>, the Federal Defender Program, Inc. was appointed as counsel of record. In the <u>Williams</u> case, the Federal Defender was unable to participate because of a conflict.

The statutory mandate from 18 U.S.C. §3005 led to the involvement of the Federal Defender Program, Inc. in the <u>Williams</u>, <u>Battle</u> and <u>Ballinger</u> cases long before those defendants were brought to court for arraignment. For example, in <u>Williams</u>, the Federal Defender Program was consulted long before the filing of pretrial motions so that the Court could appoint the statutorily required two lawyers for that Defendant. That case involved a double jeopardy question which ultimately resolved the death penalty question. Nevertheless, counsel were appointed and in place long before they had to formulate pretrial motions.

In the <u>Battle</u> case, the Court appointed the Federal Defender Program as counsel on February 14, 1995, and shortly thereafter Jack Martin was appointed as the second lawyer on the case. Defense counsel in <u>Battle</u> were provided a copy of the autopsy report and the

2

Defendant's statements shortly after being appointed. The defense team in <u>Battle</u> obtained that Defendant's prison records, and then met with prosecutors both in Atlanta and later in Washington. Only after all of these things had occurred did the government indict Mr. Battle, on November 21, 1995. Battle was arraigned on December 4, 1995. As a result, the defense team was in place for over nine months by the time of that Defendant's arraignment. This is why, as shown in the government's recent Motion for Reconsideration, Battle was prepared to file a Motion for Notice of Insanity Defense the day after the arraignment. Defense counsel was in place and actively working on Mr. Battle's behalf well in advance of the indictment. Defense counsel in <u>Battle</u> were therefore prepared to file motions shortly after the indictment because they had been working on the case long before the arraignment.

Just as in <u>Battle</u>, defense counsel was appointed for the defendant in the <u>Ballinger</u> case long before that Defendant ever made his initial appearance in court. Ballinger was indicted in this District on April 20, 1999. At that time, Ballinger was being held in the Southern District of Indiana on other charges. The Federal Defender Program and the statutorily required second attorney (Don Samuel) were appointed shortly after the indictment, even though the Defendant was still in Indiana. Just as in <u>Battle</u>, the government turned over discovery materials, both in Atlanta and in Indiana. After receiving those discovery materials, the defense team in <u>Ballinger</u> made presentations to prosecutors in Atlanta and at the Department of Justice in Washington. The defendant Ballinger did not make his initial appearance in this District until November 29, 2000. In other words, over eighteen months passed between the time counsel was appointed for Ballinger and the day when he was

arraigned. This is why the defense was prepared to file pretrial motions shortly after the arraignment in that case.[1]

Unlike Battle and Ballinger, defense counsel was appointed to represent Mr. LeCroy after the government already had obtained its indictment. The government obtained its indictment in the present case on May 15, 2002. It was only after government counsel called on May 16, 2002 that the Federal Defender was even aware that the LeCroy case existed. This Court promptly appointed the Federal Defender Program to represent Mr. LeCroy on May 20, and additional counsel shortly thereafter. The Defendant was arraigned ten days later, on May 30, which is the date that a complete discovery package was first revealed to the defense. As a result, unlike Battle and Ballinger, defense counsel have been involved in and have had access to discovery materials a very short while in this potential death penalty prosecution. Unlike Battle and Ballinger, the defense team has not yet had the chance afforded by Justice Department policies to make presentations to both the local prosecutors or to the Department of Justice concerning whether the government should even file a death penalty notice..

The Court's decision to extend the time for filing pretrial motions is consistent with, yet less generous than, the time tables established in Battle and Ballinger. In Battle, nine months passed between the appointment of counsel and the filing of pretrial motions. In Ballinger, over a year and a half elapsed between the time when the Federal Defender was

---

[1] The Ballinger case was also made more simple when the government agreed before arraignment with the defense's position that the case was not appropriate for capital punishment.

4

appointed and when pretrial motions were filed. By extending the time limits in the present case, the Court has given defense counsel in Mr. LeCroy's case less time to prepare pretrial motions than was afforded in the other potential death penalty prosecutions in this District.

Based on the foregoing, Defendant asks that the Court deny the government's Motion for Reconsideration.

Dated: This _11th_ day of July, 2002.

Respectfully submitted,

PAUL KISH
STATE BAR NO: 424277

STEPHANIE A. KEARNS
STATE BAR NO. 409950

BRIAN MENDELSOHN
STATE BAR NO. 502031

Federal Defender Program, Inc.
Suite 200, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
404/688-7530

and

DANIEL A. SUMMER    by PSK
STATE BAR NO. 691759

COUNSEL FOR DEFENDANT WILLIAM EMMETT LECROY, JR.

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

This is to certify that I have this day served a copy of the foregoing Reply

to Government's Motion for Reconsideration, which is prepared in compliance with

LR 5.1B, upon:

>    Russell Vineyard, Esq.
>    Assistant United States Attorney
>    600 Richard B. Russell Building
>    75 Spring Street, S. W.
>    Atlanta, Georgia   30303

by hand delivering a copy of the same.

Dated:   This //¼ day of July, 2002.

PAUL KISH
STATE BAR NO: 424277
ATTORNEY FOR WILLIAM EMMETT LECROY, JR.