ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 17 2002

LUTHER D. THOMAS, Clerk
By: _____
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 2:02-CR-038 |
| WILLIAM EMMETT LECROY, JR. | : | |

GOVERNMENT'S REPLY IN SUPPORT
OF MOTION FOR RECONSIDERATION

The United States of America, by and through the United States Attorney for the Northern District of Georgia, submits this reply in support of its motion for reconsideration of the court's ruling granting defendant an extension of time for filing additional pretrial motions.

The government filed this motion for reconsideration because inaccurate information about prior capital offense cases was provided to the court as precedent for the lengthy extension of time sought by defendant. The cases cited by defendant do not support his position that all motions should be delayed until 90 days after the government files its notice of intent to seek the death penalty or notifies the court that it will not seek the death penalty in this case. Indeed, the docket for the most recent death penalty prosecution in this district directly refutes defendant's position. See United States v. Battle, Criminal Indictment No. 1:95-CR-528(non-death penalty motions filed within 30 days of

arraignment, six months before death penalty notice).

Confronted with the correct information about the precedent for filing pretrial motions in capital offense cases, defendant now offers a different rationale for his motion. Rather than measuring the time for filing pretrial motions from the date of arraignment, as the Local Rules do, defendant wants the time to be measured from the date defense counsel was appointed. This new rationale is equally flawed.

The defendant notes that in <u>Battle</u> the Federal Defender Program was appointed nine months before indictment, and defense counsel "were therefore prepared to file motions shortly after the indictment because they had been working on the case long before arraignment." (Def.'s Rep. at 3). The defendant explains that the early appointment in <u>Battle</u> allowed defense counsel to file a notice of intent to rely on the defense of insanity the day after arraignment, but the defendant fails to mention that defense counsel still sought an extension of time to file pretrial motions despite being appointed nine months prior to indictment. <u>See</u> (<u>Battle</u>, Doc-9).

Thus, the early appointment in <u>Battle</u> afforded defense counsel the opportunity to evaluate the mental status of a new client,[1] but

---

[1] If the date defense counsel is first appointed to represent a client is a consideration in granting an extension to file pretrial motions, then it should be noted that the Federal Defender Program was first appointed to represent William Emmett LeCroy, Jr., on May 12, 1995, in a prior federal prosecution in

2

it did not otherwise alleviate their stated need for additional time to file pretrial motions in the case. And notwithstanding the issue raised regarding Battle's mental status, the court required defense counsel in that case to file motions within thirty days of arraignment. The government has proposed granting LeCroy twice as long to file pretrial motions in this case, even absent any issue about his mental status.

The Local Rules require motions to be filed in criminal cases within ten days of arraignment unless an extension of time is granted. The arraignment is the proper point to begin measuring the time for filing pretrial motions because that is the date the Local Rules require the government to provide discovery to the defense. Pre-indictment appointment of counsel does not afford a defendant early discovery, as demonstrated by the Battle case.

Despite the early appointment of counsel in Battle, the defendant mentions only three items defense counsel obtained prior to arraignment: the autopsy report, the defendant's statements and the defendant's prison records. In the "Motion for Extension of Time in Which to File Pretrial Motions," filed in Battle, defense counsel stated that the government provided numerous documents,

---

this district. U.S. v. LeCroy, Criminal Case No. 1:93-CR-97. The Federal Defender Program represented LeCroy for over two years through his appeal of the prior federal case which concluded with his conviction being affirmed. Thus, unlike Battle, LeCroy is not a new client of the Federal Defender Program, and no issue about his mental status has ever been raised.

cassette tape recordings, and photographs **at arraignment**, and the "defense has not yet been able to review all of this evidence, and needs additional time to do so."  (Attachment A, copy of motion filed in Battle).  Thus, the early appointment of counsel in Battle was not a relevant consideration in setting the time for filing pretrial motions, and neither should it be here.

Interestingly, Battle sought an extension of only **15 days** for filing pretrial motions, and he filed a separate motion seeking additional time to file death penalty related motions **30 days** after the filing of the death penalty notice.  (Attachment B, motion for extension of death penalty motions filed in Battle).  The government has already proposed granting LeCroy more time to file pretrial motions and any death penalty related motions than the Federal Defender Program sought in Battle.  If the defendant is going to continue to rely on Battle as precedent for his motion, he should candidly concede that the lengthy delay sought here is well beyond what was requested or granted in that case.

The defendant's request to delay filing all motions until after the decision about whether the death penalty will be sought likewise finds no support in Battle. As mentioned earlier, defense counsel in Battle acknowledged by its motions that only death penalty related motions should be delayed until after the determination is made about whether the death penalty will be sought.  In the motion seeking additional time to file death

4

penalty related motions, defense counsel enumerated twelve types of such motions that are "unique" to death penalty prosecutions. <u>See</u> Attachment B, ¶ 6. Motions that are unique to death penalty prosecutions are rightly reserved until the government files a notice that it will seek the death penalty, but all other motions should be filed within a reasonable time after arraignment, as contemplated by the Local Rules and carried out in the criminal practice in this district. The delay in filing motions sought and obtained by the defendant in this case is simply unprecedented and unwarranted.

The government urges the court to reconsider its ruling granting the defendant an extension of time to file motions until 90 days after the government files its notice of intent to seek the death penalty or notifies the court that it will not seek the death penalty in this case. The filing of motions that are not "unique" to death penalty prosecutions should not be tied to the determination about whether the death penalty will be sought, a process that may require months to complete. There are a number of motions likely to be filed by the defendant in this case whether or not the death penalty is sought, and he has offered no valid reason why he would be unable to file such motions within the time period proposed by the government. The government respectfully requests the court to set a date certain for filing non-death penalty pretrial motions in this case, preferably a date before the next

status conference which is scheduled for August 29, 2002, so that the court and counsel could address disposition of pretrial motions at that time.   The time for filing death penalty related motions should be revisited if a death penalty notice is filed in this case so that a reasonable time period, consistent with the time granted in other capital offense cases in this district, may be set.

Respectfully submitted,

WILLIAM S. DUFFEY, JR.
UNITED STATES ATTORNEY

RUSSELL G. VINEYARD
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 727890

600 Richard B. Russell Bldg.
75 Spring St., S.W.
Atlanta, GA   30335
404/581-6000

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA )
)
)    CRIMINAL ACTION
v. )
)    NO. 1:95-CR-528
ANTHONY BATTLE )
)
_____)

## MOTION FOR EXTENSION OF TIME IN WHICH TO FILE PRETRIAL MOTIONS

COMES NOW the Defendant, Anthony Battle, by and through counsel and pursuant to Rule 515 of the Local Rules for the United States District Court for the Northern District of Georgia (hereafter, "Local Rule"), and respectfully requests an extension of time in which to file pretrial motions in this case. The Government has filed a Motion for Psychiatric Examination and this Motion is pending before the Court. In support of the present motion, Defendant shows as follows:

1.

Anthony Battle was arraigned on Monday, December 4, 1995, on a one-count indictment alleging murder in violation of 18 U.S.C. § 1118. At arraignment the government provided the defense with numerous documents, cassette tape recordings, and photographs which the government deems relevant to the case. The defense has not yet been able to review all of this evidence, and needs additional time to do so. The defense also believes there is other evidence in the possession of the government which should be made available to the defense, though this has not yet happened.

1

2.

Under the Sixth Amendment to the United States Constitution, a defendant in a criminal case has a right to a lawyer. This right is meaningless unless that lawyer is effective in performing the duties expected of a lawyer. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

3.

Inherent in the adversarial process is the assumption that counsel for both sides have conducted an adequate investigation into the facts and law pertaining to the case. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir., 1994). Where counsel fails to make a reasonable investigation and this failure is not a result of a tactical choice, counsel's performance falls below the level at which reasonable attorneys have a duty to perform and is ineffective. Blanco v. Singletary, 943 F.2d 1477 (11th Cir. 1991).

4.

It will be necessary to file additional motions to protect Mr. Battle's rights in this case, and defense counsel seeks this extension in order to allow time for further research and investigation into both the law and the facts of this case.

2

5.

Counsel for the defense may in the future request permission to file additional motions beyond any extension set by the Court in response to the present motion. Whether counsel will in fact do so will, of course, depend on the procedural posture of the case and the progress of discovery received from the government, as well as the investigation conducted by the defense. Mr. Battle has a right under the Fifth, Sixth and Eighth Amendments to the United States Constitution to be represented by counsel, to have that counsel be effective, to not be subject to cruel and unusual punishment, and to not be subject to any punishment or other deprivation of liberty except in accordance with due process of law. By the filing of the present motion, Mr. Battle does not intend to waive any of his rights under the Constitution or laws of the United States, including his right to assert these rights through the filing of pretrial motions as may be necessary prior to trial in this case. The present motion is filed simply to avail Mr. Battle of the opportunity afforded him by the Federal Rules of Criminal Procedure and Local Rule 515 that the Magistrate Judge extend the date for the filing of pretrial motions upon a showing of good cause.

WHEREFORE, Defendant respectfully requests that this Court enter an Order pursuant to Local Rule 515-2 extending by fifteen days the time to file pretrial motions. This would extend the filing date to January 2, 1996. A proposed order is attached.

3

Dated:    This  15 th  day of December, 1995.

Respectfully submitted,

Federal Defender Program, Inc.
Suite 3512, 101 Marietta Tower
Atlanta, Georgia 30303
(404) 688-7530

_____
STEPHANIE KEARNS
Georgia Bar No. 409950

_____
RUSSELL GABRIEL
Georgia Bar No. 281666

MARTIN BROTHERS, P.C.
44 Broad Street, N.W.
500 Grant Building
Atlanta, GA   30303
(404) 522-0400

_____
JOHN R. MARTIN
Georgia Bar No. 473325

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA        )
                                )    CRIMINAL ACTION
            v.                  )
                                )    NO. 1:95-CR-528
ANTHONY BATTLE                  )
                                )
_____ )

ORDER

For good cause shown and pursuant to Rule 515 of the Local Rules for the United States District Court for the Northern District of Georgia, IT IS HEREBY ORDERED that the date for filing pretrial motions in this case be extended by fifteen days until January 2, 1994.


        Dated:   December   _____,  1995.


        _____
        Magistrate Judge
        United States District Court



proposed order submitted by
defense counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA )
)
)    CRIMINAL ACTION
v.    )
)    NO. 1:95-CR-528
ANTHONY BATTLE    )
)

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Motion for Extension of Time to File Motions  upon:

Katherine Monahan, Esq.
Assistant United States Attorney
1800 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia  30335

by hand delivering a copy of the same to her or her authorized agent at the above address.

Dated:   This ___ day of December, 1995.

RUSSELL GABRIEL

Federal Defender Program, Inc.
Suite 3512, 101 Marietta Tower
Atlanta, Georgia 30303
(404) 688-7530

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.·Atlanta

DEC 2 0 1995

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES OF AMERICA       :
                               :
                               :
vs.                            :    CRIMINAL ACTION
                               :    NO. 1:95-CR-528
                               :
ANTHONY GEORGE BATTLE          :

**MOTION TO EXTEND TIME FOR THE FILING OF ANY DEATH PENALTY
RELATED MOTIONS, WITH SUPPORTING AUTHORITY**

Defendant Anthony George Battle, by and through his Court appointed attorneys, hereby moves the Court, pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure and Rule 515-2 of the Local Rules of Practice for the United States District Court for the Northern District of Georgia, to extend the time for filing any motions in this case related to the potential death penalty aspect of this case until a date thirty (30) days after the government files notice under 18 U.S.C. § 3593(a) that it intends to seek the death penalty, if it so decides, and in support thereof shows the following:

-1-

Defendant Anthony George Battle is charged in a one count indictment with the murder of a correctional officer, D'Antonio Washington, while the Defendant was confined in the United States Penitentiary in Atlanta, Georgia, serving a sentence of life in prison, in violation of 18 U.S.C. §1118.    This offense is punishable by life imprisonment or death.

-2-

Counsel for the Defendant have been informed by the United

States Attorney that he is actively considering seeking the death penalty in this case and has consulted with the Attorney General regarding approval of this case as a death penalty prosecution, as required by Justice Department regulations.    See, <u>United States Attorney's Manual</u>, 9-10.000.    However, although the government is considering seeking the death penalty in this case, it has not yet made that decision and has not yet filed with the Court the notice required by 18 U.S.C. § 3593(a) to permit the government to seek the death penalty.

-3-

Rule 12(f) of the Federal Rules of Criminal Procedure and LR 515-2, NDGa., require that any defense objection or request which is capable of determination without trial and which must be made prior to trial must be filed within the time frames provided by LR 515-2, NDGa.  At present all pre-trial motions are due on or before January 3, 1996, based upon an extension for filing pre-trial motions granted by Magistrate Judge Richard Deane, pursuant to his authority under LR 515-2, NDGa.

-4-

Both Rule 12(f) and LR 515-2 provide that claims which must be raised by pre-trial motion can be waived if motions are not filed on a timely basis.

-5-

Counsel for the Defendant intends to file all required pre-trial motions within the time frame provided by the Court regarding issues which presently apply to this case.  In that at this stage

2

this case is not a death penalty case, because the government has not given the required notice under 18 U.S.C. § 3593(a), counsel for the Defendant does not intend to file by the present deadline any pre-trial motions related to death penalty issues.  Any such motions would be premature and inapplicable to this case, absent the required notice under 18 U.S.C. § 3593(a).

-6-

The following are examples of the types of motions unique to a death penalty prosecution which have been filed in other federal death penalty cases.  Counsel would have to consider filing similar motions, along with others, should this become a death penalty case:

1.    Motion for Pretrial Disclosure of the Names and Addresses of all Government Witnesses, Pursuant to 18 U.S.C. §3432.

2.    Motion for Pre-trial Disclosure of the Names of All Veniremen from which the Jury in the Defendant's Case is to be Selected, Pursuant to 18 U.S.C. §3432.

3.    Motion to Bar the Imposition of the Death Penalty on the Grounds that the Death Penalty is being Sought on the Basis of the Defendant's Race.

4.    Preliminary Motion for Discovery of Information Concerning Authorizations of Federal Death Penalty Prosecution.

5.    Motion for Discovery and Inspection of Evidence in Aggravation on the Issue of Sentence.

6.    Motion for Discovery of any Evidence Known to the Government in Mitigation of Sentence.

7.    Motion for Full Compliment of Twenty Peremptory Strikes Under Rule 24(b) of the Federal Rules of Criminal Procedure.

8.    Motion to Permit Counsel to Participate in Voir Dire with Regard to Death Penalty Qualification of Jurors.

9.    Motion to Bar Death Penalty Because 18 U.S.C. §3591 _et seq_. is Unconstitutional on its Face.

3

10. Motion to Bar Death Penalty on the Grounds that 18 U.S.C. §3591 et seq. Requires the Defendant to Prove the Existence of Mitigating Circumstances by a Preponderance of the Evidence.

11. Motion to Bar the Death Penalty Because 18 U.S.C. §3593(c) Permits the Introduction of any Information at the Sentencing Hearing Without Regard to the Rules of Evidence.

12. Motion to Bar the Death Penalty Because 18 U.S.C. §3593 Imposes Improper Restrictions on Mitigation Evidence and Improper Restrictions on the Right to Weigh the Sufficiency of Aggravating Circumstances in the Event there are Mitigating Circumstances.

-7-

Counsel for the Defendant believe that in the present posture of this case, the failure of counsel to file pre-trial motions related to death penalty issues could not possibly be considered a waiver of these issues under Rule 12(f) or LR 515-2, because such motions would not at present be germane to this case. Moreover, research on such issues and the preparation of death penalty related motions would be an unnecessary expense should the government decide not to seek the death penalty in this case. Finally, filing death penalty related motions in speculative anticipation of a death penalty notice, which may never occur, could deprive a defendant of his rights to due process and effective assistance of counsel.

-8-

However, because a potential penalty in this case is the death penalty and because both Rule 12(f) and LR 515-2 provide that pre-trial matters must be raised by motions filed in a timely fashion or otherwise these claims would be waived, out of an abundance of caution, counsel for the Defendant requests that the Court enter an

4

order providing that any and all motions related to the potential death penalty aspect of this case need not be filed until thirty (30) days after the government gives notice under 18 U.S.C. § 3593(a) of its intention to seek the death penalty, if such notice is ever given in this case. The Court should further order that the failure to file such motions prior to this deadline should not constitute a waiver of any death penalty related issues raised by these motions.

-9-

Moreover, the Defendant would be unable to consider or formulate any motions regarding the sufficiency or other defects in the government's notice under 18 U.S.C. §3593(a), if such notice is later filed and served upon counsel for the Defendant, until the notice is given. The notice may raise additional issues related to the particular circumstances of this case.

-10-

Therefore, out of an abundance of caution and to avoid any claim of waiver which might be raised under Rule 12(f) of the Federal Rules of Criminal Procedure or LR 515-2, NDGa., and in order to avoid unnecessary trouble and expense for appointed counsel, the Defendant respectfully requests that the Court enter an order permitting the filing of any pre-trial motions related to death penalty issues in this case no later than thirty (30) days after the government files and serves the required notice under 18 U.S.C. §3593(a), if such notice is given in this case.

5

WHEREFORE, the Defendant respectfully requests that the Court grant the extension requested herein.

This 20th day of December, 1995.

Respectfully submitted,

JOHN R. MARTIN
Georgia Bar No. 473325

MARTIN BROTHERS, P.C.
44 Broad Street, N.W.
500 Grant Building
Atlanta, GA  30303
(404) 522-0400

STEPHANIE KEARNS
GA Bar No. 409950

RUSSELL GABRIEL
GA Bar No.  281666

Federal Defender Program, Inc.
Suite 3512, 101 Marietta Tower
Atlanta, Georgia  30303
(404) 688-7530

Attorneys for Defendant
Anthony Battle

6

## CERTIFICATE OF SERVICE

This is to certify that I have this day served Katherine B. Monahan, Assistant United States Attorney, 75 Spring Street, S.W., Suite 1800, Atlanta, Georgia, 30335, with a copy of the within and foregoing **Motion to Extend Time for the Filing of any Death Penalty Related Motions, with Supporting Authority** by hand delivery.

This 20⁺ day of December, 1995.

_____
John R. Martin

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing document to be served by depositing it into the United States mail with sufficient postage for delivery to defense counsel as follows:

Mr. Daniel A. Summer
Summer & Summer
P.O. Box 921
Gainesville, Georgia 30503

Ms. Stephanie Kearns
Mr. Paul Kish
Mr. Brian Mendelsohn
Federal Defender Program, Inc.
Suite 200, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303

This _16th_ day of _July_, 2002.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
ASSISTANT UNITED STATES ATTORNEY