ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

AUG 2 8 2002

LUTHER D. THOMAS, Clerk
By: _____
                Deputy Clerk

UNITED STATES OF AMERICA          )
                                  )
        vs.                       )     Criminal Action No.
                                  )
WILLIAM EMMETT LECROY, JR.        )     2:02-CR-38
                                  )
_____  )

SUPPLEMENT TO PETIT JURY CHALLENGE
AND MOTION TO STAY PROCEEDINGS AND
MOTION TO DISMISS INDICTMENT BASED
ON GRAND JURY CHALLENGE

COMES NOW Defendant, WILLIAM EMMETT LECROY, JR., by and through undersigned counsel, and files this supplement to his previously filed challenge to the jury selection system used in this District.

Defendant filed a Motion in which he seeks a hearing on whether the jury selection system used in this District results in a violation of either the Constitution or the Jury Selection Act. Upon further research, undersigned counsel believes that the current jury selection system also violates the International Convention on the Elimination of All Forms of Racial Discrimination. With this supplemental pleading, Defendant relies on this international treaty in support of the jury selection system challenge and requests that the Court dismiss the indictment in the case because it was returned by a grand jury that is constituted in violation of the international treaty obligations of the United States.

36

The International Convention on the Elimination of All Forms of Racial Discrimination is an international treaty that has been signed ratified by the United States.   Article 2 of the Convention states:

1.    State Parties condemn racial discrimination and undertake to pursue by all appropriate means and without delay a policy of eliminating racial discrimination in all its forms and promoting understanding among all races, and to this end:

(a) Each State Party undertakes to engage in no act or practice of racial discrimination against persons, groups of persons or institutions and to ensure that all public authorities and public institutions, national and local, shall act in conformity with this obligation;

* * *

(c) Each State Party shall take effective measures to review governmental, national and local policies, and to amend, rescind or nullify and laws and regulations which have the effect of creating or perpetuating racial discrimination wherever it exists.

International Convention on the Elimination of All Forms of Racial Discrimination, Article 2.

The convention further provides in Article 5 that:

In compliance with the fundamental obligations laid down in article 2 of this Convention, State Parties undertake to prohibit and to eliminate racial discrimination in all its forms and to guarantee the right of everyone, without distinction as to race, colour, or national or ethnic origin, to equality before the law, notably in the enjoyment of the following rights:

(a) The right to equal treatment before the tribunals and all other organs administering justice;

\* \* \*

> (c) Political rights, in particular the right to participate in elections – to vote and to stand for election – on the basis of universal and equal suffrage, to take part in the Government as well as in the conduct of public affairs at any level and to have equal access to public service;

International Convention on the Elimination of All Forms of Racial Discrimination, Article 5.

Through the Supremacy Clause of the U.S. Constitution, international treaties -- including the International Convention on the Elimination of All Forms of Racial Discrimination -- are the supreme law of the land and apply to the individual states as well as to the federal government. Article I, Section II, U.S. Const.

As the supreme law of the land, the Convention obligates the United States to eliminate all forms of racial discrimination in the court system. The requirement is absolute and leaves no room for an argument that discrimination is allowed as long as there is less than a 10% absolute disparity. Under the treaty, any and all discrimination must be eliminated. The affidavits and evidence previously submitted by Defendant show that both Latinos and African-Americans are significantly underrepresented in both the grand and petit jury pools in the United States District Court for the Northern District of Georgia. The Court is obligated by the treaty to eliminate this disparity and to dismiss the indictment

3

against Mr. LeCroy because it was returned by a grand jury constituted in violation of the Convention.

WHEREFORE, for the foregoing reasons, and for all of the reasons stated in Defendant's prior pleadings, the Court should conduct an evidentiary hearing on Defendant's Motion and grant the relief requested.

Respectfully submitted this 28th day of August, 2002.

PAUL KISH
STATE BAR NO: 424277

STEPHANIE A. KEARNS
STATE BAR NO. 409950

BRIAN MENDELSOHN
STATE BAR NO. 502031

Federal Defender Program, Inc.
Suite 200, The Equitable Building
100 Peachtree Street
Atlanta, Georgia  30303
404/688-7530
and

DANIEL A. SUMMER
STATE BAR NO. 691759

COUNSEL FOR DEFENDANT WILLIAM EMMETT LECROY, JR.

 

## International Convention on the Elimination of All Forms of Racial Discrimination

**Adopted and opened for signature and ratification by
General Assembly resolution 2106 (XX) of 21 December 1965**

***entry into force*** **4 January 1969, in accordance with Article 19**

**status of ratifications
declarations and reservations**                    **monitoring body**

*The States Parties to this Convention,*

Considering that the Charter of the United Nations is based on the principles of the dignity and equality inherent in all human beings, and that all Member States have pledged themselves to take joint and separate action, in co-operation with the Organization, for the achievement of one of the purposes of the United Nations which is to promote and encourage universal respect for and observance of human rights and fundamental freedoms for all, without distinction as to race, sex, language or religion,

Considering that the Universal Declaration of Human Rights proclaims that all human beings are born free and equal in dignity and rights and that everyone is entitled to all the rights and freedoms set out therein, without distinction of any kind, in particular as to race, colour or national origin,

Considering that all human beings are equal before the law and are entitled to equal protection of the law against any discrimination and against any incitement to discrimination,

Considering that the United Nations has condemned colonialism and all practices of segregation and discrimination associated therewith, in whatever form and wherever they exist, and that the Declaration on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960 (General Assembly resolution 1514 (XV)) has affirmed and solemnly proclaimed the necessity of bringing them to a speedy and unconditional end,

Considering that the United Nations Declaration on the Elimination of All Forms of Racial Discrimination of 20 November 1963 (General Assembly resolution 1904 (XVIII)) solemnly affirms the necessity of speedily eliminating racial discrimination throughout the world in all its forms and manifestations and of securing understanding of and respect for the dignity of the human person,

Convinced that any doctrine of superiority based on racial differentiation is scientifically false, morally condemnable, socially unjust and dangerous, and that there is no justification for racial discrimination, in theory or in practice, anywhere,

Reaffirming that discrimination between human beings on the grounds of race, colour or ethnic origin is an obstacle to friendly and peaceful relations among nations and is capable of disturbing peace and security among peoples and the harmony of persons living side by side even within one and the same State,

Convinced that the existence of racial barriers is repugnant to the ideals of any human society,

Alarmed by manifestations of racial discrimination still in evidence in some areas of the world and by governmental policies based on racial superiority or hatred, such as policies of apartheid, segregation or separation,

Resolved to adopt all necessary measures for speedily eliminating racial discrimination in all its forms and manifestations, and to prevent and combat racist doctrines and practices in order to promote understanding between races and to build an international community free from all forms of racial segregation and racial discrimination,

Bearing in mind the Convention concerning Discrimination in respect of Employment and Occupation adopted by the International Labour Organisation in 1958, and the Convention against Discrimination in Education adopted by the United Nations Educational, Scientific and Cultural Organization in 1960,

Desiring to implement the principles embodied in the United Nations Declaration on the Elimination of Al l Forms of Racial Discrimination and to secure the earliest adoption of practical measures to that end,

Have agreed as follows:

## PART I

### Article I ▸▸▸ *General comment on its implementation*

1. In this Convention, the term "racial discrimination" shall mean any distinction, exclusion, restriction or preference based on race, colour, descent, or national or ethnic origin which has the purpose or effect of nullifying or impairing the recognition, enjoyment or exercise, on an equal footing, of human rights and fundamental freedoms in the political, economic, social, cultural or any other field of public life. ▸▸▸ *General comment on its implementation*

2. This Convention shall not apply to distinctions, exclusions, restrictions or preferences made by a State Party to this Convention between citizens and non-citizens.

3. Nothing in this Convention may be interpreted as affecting in any way the legal provisions of States Parties concerning nationality, citizenship or naturalization, provided that such provisions do not discriminate against any particular nationality.

4. Special measures taken for the sole purpose of securing adequate advancement of certain racial or ethnic groups or individuals requiring such protection as may be necessary in order to ensure such groups or individuals equal enjoyment or exercise



of human rights and fundamental freedoms shall not be deemed racial discrimination, provided, however, that such measures do not, as a consequence, lead to the maintenance of separate rights for different racial groups and that they shall not be continued after the objectives for which they were taken have been achieved.

▶▶▶ *General comment on its implementation*

### Article 2

1. States Parties condemn racial discrimination and undertake to pursue by all appropriate means and without delay a policy of eliminating racial discrimination in all its forms and promoting understanding among all races, and, to this end:

(a) Each State Party undertakes to engage in no act or practice of racial discrimination against persons, groups of persons or institutions and to en sure that all public authorities and public institutions, national and local, shall act in conformity with this obligation;

(b) Each State Party undertakes not to sponsor, defend or support racial discrimination by any persons or organizations;

(c) Each State Party shall take effective measures to review governmental, national and local policies, and to amend, rescind or nullify any laws and regulations which have the effect of creating or perpetuating racial discrimination wherever it exists;

(d) Each State Party shall prohibit and bring to an end, by all appropriate means, including legislation as required by circumstances, racial discrimination by any persons, group or organization;

(e) Each State Party undertakes to encourage, where appropriate, integrationist multiracial organizations and movements and other means of eliminating barriers between races, and to discourage anything which tends to strengthen racial division.

2. States Parties shall, when the circumstances so warrant, take, in the social, economic, cultural and other fields, special and concrete measures to ensure the adequate development and protection of certain racial groups or individuals belonging to them, for the purpose of guaranteeing them the full and equal enjoyment of human rights and fundamental freedoms. These measures shall in no case en tail as a con sequence the maintenance of unequal or separate rights for different racial groups after the objectives for which they were taken have been achieved.

### Article 3 ▶▶▶ *General comment on its implementation*

States Parties particularly condemn racial segregation and apartheid and undertake to prevent, prohibit and eradicate all practices of this nature in territories under their jurisdiction.

## *Article 4*▶▶▶ *General comment on its implementation*

States Parties condemn all propaganda and all organizations which are based on ideas or theories of superiority of one race or group of persons of one colour or ethnic origin, or which attempt to justify or promote racial hatred and discrimination in any form, and undertake to adopt immediate and positive measures designed to eradicate all incitement to, or acts of, such discrimination and, to this end, with due regard to the principles embodied in the Universal Declaration of Human Rights and the rights expressly set forth in article 5 of this Convention, inter alia:

(a) Shall declare an offence punishable by law all dissemination of ideas based on racial superiority or hatred, incitement to racial discrimination, as well as all acts of violence or incitement to such acts against any race or group of persons of another colour or ethnic origin, and also the provision of any assistance to racist activities, including the financing thereof;

(b) Shall declare illegal and prohibit organizations, and also organized and all other propaganda activities, which promote and incite racial discrimination, and shall recognize participation in such organizations or activities as an offence punishable by law;

(c) Shall not permit public authorities or public institutions, national or local, to promote or incite racial discrimination.

## *Article 5*▶▶▶ *General comment on its implementation*

In compliance with the fundamental obligations laid down in article 2 of this Convention, States Parties undertake to prohibit and to eliminate racial discrimination in all its forms and to guarantee the right of everyone, without distinction as to race, colour, or national or ethnic origin, to equality before the law,

notably in the enjoyment of the following rights: ▶▶▶ *General comment on its implementation*

(a) The right to equal treatment before the tribunals and all other organs administering justice;

(b) The right to security of person and protection by the State against violence or bodily harm, whether inflicted by government officials or by any individual group or institution;

(c) Political rights, in particular the right to participate in elections-to vote and to stand for election-on the basis of universal and equal suffrage, to take part in the Government as well as in the conduct of public affairs at any level and to have equal access to public service;

(d) Other civil rights, in particular:

(i) The right to freedom of movement and residence within the border of the State;



(ii) The right to leave any country, including one's own, and to return to one's country;

(iii) The right to nationality;

(iv) The right to marriage and choice of spouse;

(v) The right to own property alone as well as in association with others;

(vi) The right to inherit;

(vii) The right to freedom of thought, conscience and religion;

(viii) The right to freedom of opinion and expression;

(ix) The right to freedom of peaceful assembly and association;

(e) Economic, social and cultural rights, in particular:

(i) The rights to work, to free choice of employment, to just and favourable conditions of work, to protection against unemployment, to equal pay for equal work, to just and favourable remuneration;

(ii) The right to form and join trade unions;

(iii) The right to housing;

(iv) The right to public health, medical care, social security and social services;

(v) The right to education and training;

(vi) The right to equal participation in cultural activities;

(f) The right of access to any place or service intended for use by the general public, such as transport hotels, restaurants, cafes, theatres and parks.

## *Article 6▶▶▶ General comment on its implementation*

States Parties shall assure to everyone within their jurisdiction effective protection and remedies, through the competent national tribunals and other State institutions, against any acts of racial discrimination which violate his human rights and fundamental freedoms contrary to this Convention, as well as the right to seek from such tribunals just and adequate reparation or satisfaction for any damage suffered as a result of such discrimination.

## Article 7 ▶▶▶ *General comment on its implementation*

States Parties undertake to adopt immediate and effective measures, particularly in the fields of teaching, education, culture and information, with a view to combating prejudices which lead to racial discrimination and to promoting understanding, tolerance and friendship among nations and racial or ethnical groups, as well as to propagating the purposes and principles of the Charter of the United Nations, the Universal Declaration of Human Rights, the United Nations Declaration on the Elimination of All Forms of Racial Discrimination, and this Convention.

### PART II

### Article 8

1. There shall be established a Committee on the Elimination of Racial Discrimination (hereinafter referred to as the Committee) consisting of eighteen experts of high moral standing and acknowledged impartiality elected by States Parties from among their nationals, who shall serve in their personal capacity, consideration being given to equitable geographical distribution and to the representation of the different forms of civilization as well as of the principal legal systems. ▶▶▶ *General comment on its implementation*

2. The members of the Committee shall be elected by secret ballot from a list of persons nominated by the States Parties. Each State Party may nominate one person from among its own nationals.

3. The initial election shall be held six months after the date of the entry into force of this Convention. At least three months before the date of each election the Secretary-General of the United Nations shall address a letter to the States Parties inviting them to submit their nominations within two months. The Secretary-General shall prepare a list in alphabetical order of all persons thus nominated, indicating the States Parties which have nominated them, and shall submit it to the States Parties.

4. Elections of the members of the Committee shall be held at a meeting of States Parties convened by the Secretary-General at United Nations Headquarters. At that meeting, for which two thirds of the States Parties shall constitute a quorum, the persons elected to the Committee shall be nominees who obtain the largest number of votes and an absolute majority of the votes of the representatives of States Parties present and voting.

5.

> (a) The members of the Committee shall be elected for a term of four years. However, the terms of nine of the members elected at the first election shall expire at the end of two years; immediately after the first election the names of these nine members shall be chosen by lot by the Chairman of the Committee;

> (b) For the filling of casual vacancies, the State Party whose expert has ceased to function as a member of the Committee shall appoint another expert from among its nationals, subject to the approval of the Committee.

6. States Parties shall be responsible for the expenses of the members of the Committee while they are in performance of Committee duties. (amendment (see General Assembly resolution 47/111 of 16 December 1992); <u>status of ratification</u>)

## *Article 9*  ***General comment on its implementation***

1. States Parties undertake to submit to the Secretary-General of the United Nations, for consideration by the Committee, a report on the legislative, judicial, administrative or other measures which they have adopted and which give effect to the provisions of this Convention:

   (a) within one year after the entry into force of the Convention for the State concerned; and

   (b) thereafter every two years and whenever the Committee so requests. The Committee may request further information from the States Parties.

2. The Committee shall report annually, through the Secretary General, to the General Assembly of the United Nations on its activities and may make suggestions and general recommendations based on the examination of the reports and information received from the States Parties. Such suggestions and general recommendations shall be reported to the General Assembly together with comments, if any, from States Parties.  ***General comment on its implementation***

## *Article 10*

1. The Committee shall adopt its own rules of procedure.

2. The Committee shall elect its officers for a term of two years.

3. The secretariat of the Committee shall be provided by the Secretary General of the United Nations.

4. The meetings of the Committee shall normally be held at United Nations Headquarters.

## *Article 11*

1. If a State Party considers that another State Party is not giving effect to the provisions of this Convention, it may bring the matter to the attention of the Committee. The Committee shall then transmit the communication to the State Party concerned. Within three months, the receiving State shall submit to the Committee written explanations or statements clarifying the matter and the remedy, if any, that may have been taken by that State.

2. If the matter is not adjusted to the satisfaction of both parties, either by bilateral negotiations or by any other procedure open to them, within six months after the receipt by the receiving State of the initial communication, either State shall have the right to refer the matter again to the Committee by notifying the Committee and also the other State.



3. The Committee shall deal with a matter referred to it in accordance with paragraph 2 of this article after it has ascertained that all available domestic remedies have been invoked and exhausted in the case, in conformity with the generally recognized principles of international law. This shall not be the rule where the application of the remedies is unreasonably prolonged.

4. In any matter referred to it, the Committee may call upon the States Parties concerned to supply any other relevant information.

5. When any matter arising out of this article is being considered by the Committee, the States Parties concerned shall be entitled to send a representative to take part in the proceedings of the Committee, without voting rights, while the matter is under consideration.

### Article 12

1.

(a) After the Committee has obtained and collated all the information it deems necessary, the Chairman shall appoint an ad hoc Conciliation Commission (hereinafter referred to as the Commission) comprising five persons who may or may not be members of the Committee. The members of the Commission shall be appointed with the unanimous consent of the parties to the dispute, and its good offices shall be made available to the States concerned with a view to an amicable solution of the matter on the basis of respect for this Convention;

(b) If the States parties to the dispute fail to reach agreement within three months on all or part of the composition of the Commission, the members of the Commission not agreed upon by the States parties to the dispute shall be elected by secret ballot by a two-thirds majority vote of the Committee from among its own members.

2. The members of the Commission shall serve in their personal capacity. They shall not be nationals of the States parties to the dispute or of a State not Party to this Convention.

3. The Commission shall elect its own Chairman and adopt its own rules of procedure.

4. The meetings of the Commission shall normally be held at United Nations Headquarters or at any other convenient place as determined by the Commission.

5. The secretariat provided in accordance with article 10, paragraph 3, of this Convention shall also service the Commission whenever a dispute among States Parties brings the Commission into being.

6. The States parties to the dispute shall share equally all the expenses of the members of the Commission in accordance with estimates to be provided by the Secretary-General of the United Nations.

7. The Secretary-General shall be empowered to pay the expenses of the members



of the Commission, if necessary, before reimbursement by the States parties to the dispute in accordance with paragraph 6 of this article.

8. The information obtained and collated by the Committee shall be made available to the Commission, and the Commission may call upon the States concerned to supply any other relevant information.

### Article 13

1. When the Commission has fully considered the matter, it shall prepare and submit to the Chairman of the Committee a report embodying its findings on all questions of fact relevant to the issue between the parties and containing such recommendations as it may think proper for the amicable solution of the dispute.

2. The Chairman of the Committee shall communicate the report of the Commission to each of the States parties to the dispute. These States shall, within three months, inform the Chairman of the Committee whether or not they accept the recommendations contained in the report of the Commission.

3. After the period provided for in paragraph 2 of this article, the Chairman of the Committee shall communicate the report of the Commission and the declarations of the States Parties concerned to the other States Parties to this Convention.

### Article 14

1. A State Party may at any time declare that it recognizes the competence of the Committee to receive and consider communications from individuals or groups of individuals within its jurisdiction claiming to be victims of a violation by that State Party of any of the rights set forth in this Convention. No communication shall be received by the Committee if it concerns a State Party which has not made such a declaration.

2. Any State Party which makes a declaration as provided for in paragraph I of this article may establish or indicate a body within its national legal order which shall be competent to receive and consider petitions from individuals and groups of individuals within its jurisdiction who claim to be victims of a violation of any of the rights set forth in this Convention and who have exhausted other available local remedies.

3. A declaration made in accordance with paragraph 1 of this article and the name of any body established or indicated in accordance with paragraph 2 of this article shall be deposited by the State Party concerned with the Secretary-General of the United Nations, who shall transmit copies thereof to the other States Parties. A declaration may be withdrawn at any time by notification to the Secretary-General, but such a withdrawal shall not affect communications pending before the Committee.

4. A register of petitions shall be kept by the body established or indicated in accordance with paragraph 2 of this article, and certified copies of the register shall be filed annually through appropriate channels with the Secretary-General on the understanding that the contents shall not be publicly disclosed.

5. In the event of failure to obtain satisfaction from the body established or indicated



in accordance with paragraph 2 of this article, the petitioner shall have the right to communicate the matter to the Committee within six months.

6.

(a) The Committee shall confidentially bring any communication referred to it to the attention of the State Party alleged to be violating any provision of this Convention, but the identity of the individual or groups of individuals concerned shall not be revealed without his or their express consent. The Committee shall not receive anonymous communications;

(b) Within three months, the receiving State shall submit to the Committee written explanations or statements clarifying the matter and the remedy, if any, that may have been taken by that State.

7.

(a) The Committee shall consider communications in the light of all information made available to it by the State Party concerned and by the petitioner. The Committee shall not consider any communication from a petitioner unless it has ascertained that the petitioner has exhausted all available domestic remedies. However, this shall not be the rule where the application of the remedies is unreasonably prolonged;

(b) The Committee shall forward its suggestions and recommendations, if any, to the State Party concerned and to the petitioner.

8. The Committee shall include in its annual report a summary of such communications and, where appropriate, a summary of the explanations and statements of the States Parties concerned and of its own suggestions and recommendations.

9. The Committee shall be competent to exercise the functions provided for in this article only when at least ten States Parties to this Convention are bound by declarations in accordance with paragraph I of this article.

### Article 15

1 . Pending the achievement of the objectives of the Declaration on the Granting of Independence to Colonial Countries and Peoples, contained in General Assembly resolution 1514 (XV) of 14 December 1960, the provisions of this Convention shall in no way limit the right of petition granted to these peoples by other international instruments or by the United Nations and its specialized agencies.

2.

(a) The Committee established under article 8, paragraph 1, of this Convention shall receive copies of the petitions from, and submit expressions of opinion and recommendations on these petitions to, the bodies of the United Nations which deal with matters directly related to the principles and objectives of this Convention in their consideration of petitions from the inhabitants of Trust and Non-Self-Governing



Territories and all other territories to which General Assembly resolution 1514 (XV) applies, relating to matters covered by this Convention which are before these bodies;

(b) The Committee shall receive from the competent bodies of the United Nations copies of the reports concerning the legislative, judicial, administrative or other measures directly related to the principles and objectives of this Convention applied by the administering Powers within the Territories mentioned in subparagraph (a) of this paragraph, and shall express opinions and make recommendations to these bodies.

3. The Committee shall include in its report to the General Assembly a summary of the petitions and reports it has received from United Nations bodies, and the expressions of opinion and recommendations of the Committee relating to the said petitions and reports.

4. The Committee shall request from the Secretary-General of the United Nations all information relevant to the objectives of this Convention and available to him regarding the Territories mentioned in paragraph 2 (a) of this article.

### Article 16

The provisions of this Convention concerning the settlement of disputes or complaints shall be applied without prejudice to other procedures for settling disputes or complaints in the field of discrimination laid down in the constituent instruments of, or conventions adopted by, the United Nations and its specialized agencies, and shall not prevent the States Parties from having recourse to other procedures for settling a dispute in accordance with general or special international agreements in force between them.

## PART III

### Article 17

1. This Convention is open for signature by any State Member of the United Nations or member of any of its specialized agencies, by any State Party to the Statute of the International Court of Justice, and by any other State which has been invited by the General Assembly of the United Nations to become a Party to this Convention.

2. This Convention is subject to ratification. Instruments of ratification shall be deposited with the Secretary-General of the United Nations.

### Article 18

1. This Convention shall be open to accession by any State referred to in article 17, paragraph 1, of the Convention. 2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.

### Article 19

1. This Convention shall enter into force on the thirtieth day after the date of the deposit with the Secretary-General of the United Nations of the twenty-seventh

instrument of ratification or instrument of accession.

2. For each State ratifying this Convention or acceding to it after the deposit of the twenty-seventh instrument of ratification or instrument of accession, the Convention shall enter into force on the thirtieth day after the date of the deposit of its own instrument of ratification or instrument of accession.

## Article 20

1. The Secretary-General of the United Nations shall receive and circulate to all States which are or may become Parties to this Convention reservations made by States at the time of ratification or accession. Any State which objects to the reservation shall, within a period of ninety days from the date of the said communication, notify the Secretary-General that it does not accept it.

2. A reservation incompatible with the object and purpose of this Convention shall not be permitted, nor shall a reservation the effect of which would inhibit the operation of any of the bodies established by this Convention be allowed. A reservation shall be considered incompatible or inhibitive if at least two thirds of the States Parties to this Convention object to it.

3. Reservations may be withdrawn at any time by notification to this effect addressed to the Secretary-General. Such notification shall take effect on the date on which it is received.

## Article 21

A State Party may denounce this Convention by written notification to the Secretary-General of the United Nations. Denunciation shall take effect one year after the date of receipt of the notification by the Secretary General.

## Article 22

Any dispute between two or more States Parties with respect to the interpretation or application of this Convention, which is not settled by negotiation or by the procedures expressly provided for in this Convention, shall, at the request of any of the parties to the dispute, be referred to the International Court of Justice for decision, unless the disputants agree to another mode of settlement.

## Article 23

1. A request for the revision of this Convention may be made at any time by any State Party by means of a notification in writing addressed to the Secretary-General of the United Nations.

2. The General Assembly of the United Nations shall decide upon the steps, if any, to be taken in respect of such a request.

## Article 24

The Secretary-General of the United Nations shall inform all States referred to in article 17, paragraph 1, of this Convention of the following particulars:



(a) Signatures, ratifications and accessions under articles 17 and 18;

(b) The date of entry into force of this Convention under article 19;

(c) Communications and declarations received under articles 14, 20 and 23;

(d) Denunciations under article 21.

## Article 25

1. This Convention, of which the Chinese, English, French, Russian and Spanish texts are equally authentic, shall be deposited in the archives of the United Nations.

2. The Secretary-General of the United Nations shall transmit certified copies of this Convention to all States belonging to any of the categories mentioned in article 17, paragraph 1, of the Convention.

© **Office of the High Commissioner
for Human Rights**
**Geneva, Switzerland**

**Send e-mail with comments and suggestions to:**
**webadmin.hchr@unog.ch**

**OHCHR-UNOG**
**8-14 Avenue de la Paix**
**1211 Geneva 10, Switzerland**
**Telephone Number (41-22) 917-9000**

 

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

This is to certify that I have this day served a copy of the foregoing pleading, which is prepared in compliance with LR 5.1B, upon:

> Russell Vineyard, Esq.
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia   30303

by hand delivering a copy of the same.

Dated:   This 28th day of August, 2002.

BRIAN MENDELSOHN
STATE BAR NO: 502031
ATTORNEY FOR WILLIAM EMMETT LECROY, JR.

5