CC 10|25|07

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 25 2007

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

  v.

WILLIAM EMMETT LECROY, JR.

      :
      :
      :
      :
      :
      :
      :

Criminal Action File
No. 2:02-CR-038-RWS

**Under Seal**

## SEALED INITIAL ORDER PRELIMINARILY APPROVING LITIGATION BUDGET FOR 28 U.S.C. § 2255 PROCEEDING

This **Sealed Initial Order** reflects the understandings of the court and counsel for William Emmett LeCroy, Jr. regarding all matters affecting counsel compensation and reimbursement and payments for investigative, expert, and other services, following counsel's submission of his Proposed Estimated Post-conviction Budget for Attorney, Investigative and Expert Expenses and counsel's *ex parte* conferences with the court on June 29, 2007 and October 24, 2007.

1. Counsel's hourly rate will be $166.00 per hour (subject to increase per notice issued by the Administrative Office of the Courts).

2. Counsel's best preliminary estimate[1] of the cost of all services (counsel,

---

[1] As noted, *infra,* the court has established December 5, 2007 as the deadline for counsel to submit a more detailed budget for review and approval by the court. The court will thereafter conduct a conference with counsel to review the detailed budget prior to giving it final approval.



expert, investigative, and other) through completion of the proceedings under Mr. LeCroy's anticipated motion pursuant to 28 U.S.C. §2255 is $314,000.00. No more than $60,000 is expected to be spent for investigative, expert, or other reasonably necessary services. No more than $254,000 is expected to be spent for defense counsel fees and expenses.

Counsel are advised that pursuant to Section 6.03B, Chapter 6, Volume 7 of the *Guidelines for the Administration of The Criminal Justice Act and Related Statutes*, "[t]he fees **and** expenses for investigative, expert and other services are limited to $7500 in any case unless payment in excess of that amount is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit [or his designee]. The $7,500 limit applies to the total payments for investigative, expert, and other services in a case, not to each service individually." See also 18 U.S.C. § 3599(g)(2). The court's approval of counsel's budget for investigative, expert and other services is subject to these requirements. Counsel are further advised that fees or expenses for such services that exceed $7,500 will not be accessible until the excess payment is approved by the United States Court of Appeals for the Eleventh Circuit, as noted above. (Judge Story will submit a memorandum to Chief Judge Edmondson seeking

2

advance authorization for payment of these services.)

3.    The procedure and schedule for submission, review, and payment of interim vouchers for counsel will be governed by a separate Memorandum Order to be issued by the Honorable Richard W. Story, United States District Judge. Counsel should use form CJA 30.

4.    The procedure for authorization and interim payment for investigative, expert, and other services will be governed by a separate Memorandum Order to be issued by Judge Story.  Persons seeking payment for such services should use form CJA 31.

5.    Counsel's proposed preliminary budget is approved, **subject to further review and evaluation by the court**, following *ex parte* submission of a more detailed budget by counsel no later than **December 5, 2007**.  In preparing the detailed budget, counsel should address counsel fees, as well as fees for investigative, expert and any other services.  In addition, counsel are directed to utilize the detailed budget worksheets and summaries, appropriately modified, that have been made available by the United States Administrative Office of the Courts, Office of Defender Services,  for use by counsel and the courts in connection with federal death penalty representations at the trial phase.  These forms may be found at http://www.fd.org/odstb_casebudget.htm.

The budget in this case may be re-evaluated/changed when justified by the circumstances. Counsel shall promptly advise the court of significant changes to estimates contained in the budget. Counsel should file a request for additional funds with this court prior to committing funds that have not been approved. Any future request should include a description of the type of service to be performed, an estimate of the time required to perform those services, a cost estimate, and the background and relevant experience of any expert sought to be retained.

6.    The court will set another *ex parte* case budget conference to be conducted with counsel by telephone or in person after counsel's submission of a more detailed budget as directed in this Order.

7.    The Clerk is **DIRECTED** to transmit a copy of this Order to the District Court CJA coordinator, Ms. Judith Motz.

**IT IS SO ORDERED**, this 25th day of October, 2007.

_____
SUSAN S. COLE
United States Magistrate Judge

4