IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,           :
                                    :
v.                                  :     Criminal Action File
                                    :     No. 2:02-CR-038-RWS
WILLIAM EMMETT LECROY, JR.          :     **UNDER SEAL**
                                    :

## SEALED ORDER
## APPROVING LITIGATION BUDGET
## FOR 28 U.S.C. § 2255 PROCEEDING

This **Sealed Order** reflects the understandings of the court and counsel for

William Emmett LeCroy, Jr. regarding all matters affecting counsel compensation

and reimbursement and payments for investigative, expert, and other services,

following counsel's submission of his Proposed Estimated Post-conviction Budget

for Attorney, Investigative and Expert Expenses; counsel's *ex parte* conferences

with the court on June 29, 2007 and October 24, 2007, and Counsel's detailed

proposed budget submitted under cover of his December 5, 2007 letter and his

amended detailed proposed budget submitted under cover of his January 8, 2008

letter following an ex parte telephone conference with the court on that date.

1.    Counsel's hourly rate will be $166.00 per hour for services performed

prior to January 1, 2008 and $170.00 per hour for services performed thereafter

(subject to increase per notice issued by the Administrative Office of the Courts).

2.    Counsel's best estimate of the cost of all services (counsel, expert, investigative, and other) through completion of the proceedings under Mr. LeCroy's anticipated motion pursuant to 28 U.S.C. §2255 is $392,594.00[1]. No more than $33,603.00 is expected to be spent for investigative, expert, or other reasonably necessary services. No more than $358,991.00[2] is expected to be spent for defense counsel fees and expenses.

Counsel are advised that pursuant to Section 6.03B, Chapter 6, Volume 7 of the *Guidelines for the Administration of The Criminal Justice Act and Related Statutes*, "[t]he fees **and** expenses for investigative, expert and other services are limited to $7500 in any case unless payment in excess of that amount is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit [or his designee]. The $7,500 limit applies to the total payments for investigative, expert, and other services in a case, not to each service individually." See also 18 U.S.C. § 3599(g)(2). The court's approval of

---

[1] The attorney's fees portion of this calculation is figured at $170.00 per hour, though attorney's fees for services performed prior to January 1, 2008 will be reimbursed at $166.00 per hour.

[2] See Note 1.

2

counsel's budget for investigative, expert and other services is subject to these requirements. Counsel are further advised that fees or expenses for such services that exceed $7,500 will not be accessible until the excess payment is approved by the United States Court of Appeals for the Eleventh Circuit, as noted above. (Judge Story will submit a memorandum to Chief Judge Edmondson seeking advance authorization for payment of these services.)

3.    The procedure and schedule for submission, review, and payment of interim vouchers for counsel will be governed by a separate Memorandum Order to be issued by the Honorable Richard W. Story, United States District Judge. Counsel should use form CJA 30.

4.    The procedure for authorization and interim payment for investigative, expert, and other services will be governed by a separate Memorandum Order to be issued by Judge Story. Persons seeking payment for such services should use form CJA 31.

5.    Counsel's proposed budget is approved. The budget in this case may be re-evaluated/changed when justified by the circumstances. Counsel shall promptly advise the court of significant changes to estimates contained in the budget. Counsel should file a request for additional funds with this court prior to committing funds that have not been approved. Any future request should

3

include a description of the type of service to be performed, an estimate of the time required to perform those services, a cost estimate, and the background and relevant experience of any expert sought to be retained.

6.   The Clerk is **DIRECTED** to transmit a copy of this Order to the District Court CJA coordinator, Ms. Judith Motz.

**IT IS SO ORDERED**, this 23rd day of January, 2008.

*Susan S. Cole*

SUSAN S. COLE
United States Magistrate Judge

4