IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,            :
                                     :
        v.                           :        Criminal Action File
                                     :        No. 2:02-CR-038-RWS
WILLIAM EMMETT LECROY, JR.           :
                                     :

**MEMORANDUM  ORDER  TO  COUNSEL
FOR WILLIAM EMMETT LECROY, JR.**

Because of the expected length of the proceedings in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, in accordance with paragraph 2.30 B of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes ("CJA Guidelines")*, Volume VII, *Guide to Judiciary Policies and Procedures*, the following procedures for interim payments shall apply during the course of your representation in this case:

1.    Submission of Vouchers

Each defense counsel shall submit to the court Clerk, once every 3 months, an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel."    Compensation earned and reimbursable expenses incurred from the first to the last day of each 3-month period  shall be claimed on an interim voucher submitted no later than the last day of each 3-month period (or the first business day thereafter).  The first interim

voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date on which your services were first retained until December 31, 2007. Thereafter, vouchers shall be submitted once every 3 months according to the schedule outlined above. Counsel shall complete Item 18 of each interim voucher submitted. Each interim voucher shall be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapters II and VI of the *CJA Guidelines* outline the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher. The Court (or its designee, the United States Magistrate Judge) will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. The Court will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for the representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the voucher.

### 2.   Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation.   While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $ 3,000 without prior approval of the Court.   Such approval may be sought by filing an *ex parte* application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation.   An application seeking such approval may be filed *in camera*, if necessary.   Upon finding that the expense is reasonable, the Court shall authorize counsel to incur it.   Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $3,000 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the Northern District of Georgia for the purpose of consulting with the client or his former counsel, interviewing witnesses, etc., the $3,000 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses.   Therefore, if the reimbursement for expenses relating to a single trip will aggregate to an amount in excess of $5,000, then the travel should receive prior approval of the Court.

3

The following additional guidelines may be helpful to counsel:

a.      Case related travel by privately owned automobile should be claimed at the government rate (currently 48.5 cents per mile), plus parking fees, ferry fares, and bridge, road and tunnel tolls.  Transportation other than by privately owned automobile should be claimed on an actual expense basis.  Air travel in "first class" is prohibited.  Counsel and persons providing service under the CJA are encouraged to contact the Clerk for authorization to travel at government rates.

b.      Actual expenses incurred for meals and lodging while traveling outside of the Northern District of Georgia in the course of this representation must conform to the prevailing limitations  placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations.  For specific details concerning high cost areas, counsel should consult the Clerk.

c.      Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature.  In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17 and 28 U.S.C. § 1825.

3.    <u>Further questions or guidance</u>

Answers to questions concerning appointment under the CJA can generally be found in (1) 18 U.S.C. § 3006A, (2) the Plan of the United States District Court for the Northern District of Georgia, available through the Clerk; and (3) the *CJA Guidelines*, published by the Administrative Office of the U.S. Courts, also available through the Clerk.  Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to the District's CJA Claims Coordinator, Ms. Judith Motz.

Through this Order, the Court **DESIGNATES** United States Magistrate Judge Susan S. Cole to review and approve interim vouchers.

The Clerk is **DIRECTED** to transmit a copy of this Order to Ms. Motz.

**IT IS SO ORDERED**, this   28th   day of January, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE