UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 2:02-CR-038-RWS-SSC-1 |
| WILLIAM EMMETT LECROY, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDMENT TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

Defendant William Emmett LeCroy, Jr., by and through his undersigned appointed counsel, and pursuant to the authority of Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Court, which provides that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules", and Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served", hereby amends his Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. §2255 (Doc. 492)(hereinafter the "Motion to Vacate") as follows:

1

-1-

Paragraph 12 of the Motion to Vacate shall be amended after the word "child," in line 8 of paragraph 12 by adding the phrase "or other childhood abuse suffered by the Defendant, in part because counsel unreasonably failed to consider or investigate whether the Defendant's identification of a babysitter as his abuser was a proxy for another abuser or abusers," and by adding the word "Criminal" after the word "of" in line 10 of paragraph 12. With these amendments, paragraph 12 of the Motion to Vacate shall read in it's entirety as follows:

"12.  Counsel obtained documentary evidence regarding this mental health history and obtained expert opinions regarding this mental health condition. This evidence would have offered an explanation for the attack on Ms. Tiesler for which the Defendant was convicted and would have been powerful mitigation evidence at sentencing. However, counsel erroneously and unreasonably failed to investigate and present this evidence, in part because counsel conducted an insufficient investigation and had failed to identify the female babysitter who had abused the Defendant as a child or other childhood abuse suffered by the Defendant, in part because counsel unreasonably failed to consider and investigate whether the Defendant's identification of a babysitter as his abuser was a proxy

2

for another abuser or abusers, in part because counsel unreasonably feared an evaluation of the Defendant by a government expert without pursuing procedures under Rule 12.2 of the Federal Rules of Criminal Procedure by which they would have known the specific risks, if any, they faced, in part because counsel unreasonably feared government rebuttal evidence without knowledge of what that rebuttal evidence would have been, and in part because counsel unreasonably chose to pursue a "jurisdictional" defense, despite the government's evidence connecting the carjacking with the death of Ms. Tiesler. See, United States v. LeCroy, 441 F.3d at 924-925."

-2-

Paragraph 13 of the Motion to Vacate shall be amended by adding the word "Criminal" prior to the word "Procedure" on line 3 of paragraph 13. With this amendment, paragraph 13 will read in its entirety as follows:

"13. In instructing the Defendant not to submit to a government mental health examination, pursuant to the procedure of Rule 12.2 of the Federal Rules of Criminal Procedure, defense counsel necessarily foreclosed an opportunity to present defense evidence on mental health issues without knowledge of the nature of the rebuttal evidence that would have been derived from a government

examination. They prevented any effective use of mental health evidence when they instructed the Defendant to refuse to submit to an examination by a government expert. They made this decision even though they did not know what mental health evidence, if any, would be available to rebut its mental health case, and despite the fact that under Rule 12.2(c)(2), the Government would be required to disclose its mental health expert's opinion before the defense would be required to disclose its expert's opinion. As a consequence, the defense made a decision to forego mental health evidence without knowledge of the consequences of this decision or alternatives facing the defense."

-3-

Paragraph 35 of the Motion to Vacate shall be amended by adding at the end of this paragraph the following sentence: "Among the witnesses not interviewed and/or called as witnesses were family members, including cousins close to the Defendant, who could have testified to their personal knowledge of specific instances of physical, mental and sexual childhood abuse." With said amendment, the entire paragraph 35 shall read as follows:

35. Had a more thorough investigation been conducted by counsel for the Defendant, or had counsel not unreasonably closed

down the Rule 12.2 procedures as discussed in Grounds A and B above, counsel would have discovered additional compelling mitigating evidence which would have made a significant difference in the jury's consideration of sentence or could have presented compelling expert mitigation evidence offering an explanation for the Defendant's crime, which if presented would have created a reasonable probability of a different result as to sentence. Among the witnesses not interviewed and/or called as witnesses are family members, including cousins close to the Defendant, who could have testified to their personal knowledge of specific instances of physical, mental and sexual childhood abuse.

-4-

Except as hereby amended, the Motion to Vacate shall remain as originally pled.

WHEREFORE, the Defendant respectfully requests that this amendment be allowed, pursuant to the authority of Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts and Rule 15 of the Federal Rules of Civil Proceedings.

[signatures on next page]

This 10th day of September, 2008.

                                                 Respectfully submitted,

                                                 s/John R. Martin

44 Broad Street, N.W.                 John R. Martin
Suite 202 The Grant Building       Georgia Bar No. 473325
Atlanta, Georgia  30303
404.522.0400
jack@martinbroslaw.com

                                                 s/Sandra Michaels

                                               Sandra Michaels

44 Broad Street, N.W.                 Georgia Bar No. 504014
Suite 202 The Grant Building
Atlanta, Georgia  30303
404.522.0400
slmichaels@mindspring.com        Counsel for William LeCroy

6

## <u>VERIFICATION</u>

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 10TH DAY OF SEPTEMBER, 2008

_____John R. Martin_____
JOHN R. MARTIN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2008, I electronically filed the foregoing **AMENDMENT TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. §2255** with the Clerk of Court using the CM/ECF system which will send notification of such filing to William McKinnon, Assistant United States Attorney.

s/John R. Martin
JOHN R. MARTIN