**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

  v.

WILLIAM EMMETT LECROY,
JR.,

   Petitioner.

:
:
:
:
:
:
:
:
:
:

CRIMINAL ACTION NO.
2:02-CR-038-RWS

## <u>ORDER</u>

Presently pending before the Court is Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28

U.S.C. § 2255 [493].  Petitioner requested an evidentiary hearing on a number

of issues raised in his Petition.  The Government filed a Response [508] and

agreed that an evidentiary hearing would be required for some of the issues

raised by Petitioner.  Petitioner then filed a Traverse to the Government's

Response [511] and a Motion for Hearing and Discovery [510].

Having reviewed the submissions of the parties, the Courts finds that an

evidentiary hearing is appropriate on the following issues: 1) whether trial

counsel were ineffective in the presentation of mental health evidence during

the sentencing phase of the trial, 2) whether government attorneys violated the

court's "firewall" order regarding the disclosure of certain reports related to defendant's mental health issues, and 3) whether trial counsel were ineffective in the jury challenge regarding underrepresentation of the Hispanic/Latino community.

Petitioner makes a general allegation of improper contact by the jury selection expert with members of the jury venire. Due to the general nature of the allegation, the Court is unable to determine whether an evidentiary hearing is warranted as to this issue. Therefore, Petitioner shall file a notice of the specific allegation within ten (10) days of the entry of this Order. The Court will then determine if an evidentiary hearing is required as to this issue.

Also, Petitioner identified for the first time in his Traverse a number of mitigation witnesses "who could have testified about bizarre sexual activities that were allowed or occurred involving Defendant as a child." (Traverse [511] at 13.) The Court is unable to discern from the Traverse whether an evidentiary hearing is warranted. Petitioner shall file a notice providing more specific information concerning the evidence he would expect to present on this issue within ten (10) days of the entry of this Order. The Court will then determine if an evidentiary hearing is required as to this issue.

2

AO 72A
(Rev.8/82)

The government may file responses to the aforementioned notices within five (5) days of receiving same.  After the Court rules on these matters, the Deputy Clerk will confer with counsel to schedule a hearing.

Based on the foregoing, Petitioner's Motion [510] is **GRANTED** as provided above.

**SO ORDERED**, this   12th   day of March, 2009.


_____

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)