# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM EMMETT LECROY, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:02-CR-00038-RWS |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent. | : | |

## ORDER

Presently pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [493]. Petitioner requested an evidentiary hearing on a number of issues raised in his Petition. The Government filed a Response [508] and agreed that an evidentiary hearing would be required for some of the issues raised by Petitioner. Petitioner then filed a Traverse to the Government's Response [511] and a Motion for Hearing and Discovery [510].

On March 12, 2009, the Court entered an order finding that an evidentiary hearing was appropriate on the following issues: "1) whether trial counsel were ineffective in the presentation of mental health evidence during

the sentencing phase of the trial, 2) whether government attorneys violated the court's 'firewall' order regarding the disclosure of certain reports related to defendant's mental health issues, and 3) whether trial counsel were ineffective in the jury challenge regarding underrepresentation of the Hispanic/Latino community" [512].

The Court then addressed Petitioner's general allegation of improper contact by the jury selection expert with members of the jury venire. The Court requested that Petitioner file a notice of the specific allegation he wished to address at the evidentiary hearing in order for the Court to determine if an evidentiary hearing was warranted on the issue.

In Defendant's Response to Court's Order Regarding Evidentiary Hearing [513], the Petitioner failed to provide the Court with any of the specifics he requested. The Petitioner stated "Defendant cannot at this time provide the Court with more specifics other than the fact that defense counsel did not know that prosecution counsel were employing a jury selection expert at the time of trial and did not discover this fact until defense attorney Paul Kish heard trial prosecutor Sally Yates state that such an expert had been used by the prosecution during the trial when she was giving a speech at a continuing legal education seminar after the conclusion of the trial" (Defendant's Response to Court's Order Regarding

Evidentiary Hearing at 7). The Petitioner went on to request the Court to grant discovery on this issue.

A § 2255 movant seeking discovery must show good cause. 28 U.S.C. § 2255 Rule 6(a); Brown v. United States, 583 F. Supp. 2d 1330, 1336 (2008). The Petitioner in this case has failed to do so. Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." U.S. v. Roane, 378 F.3d 382, 402-03 (4th Cir.2004) (citing Bracy v. Gramley, 520 U.S. 899, 908-09, 117 S.Ct. 1793 (1997)). The Petitioner has failed to present the Court with a specific allegation or any reason to believe that with fully developed facts he will be able to demonstrate any improper conduct in this regard.

Also, in a § 2255 proceeding, the Court "must accord the movant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' If the trial record is inadequate to show conclusively that the movant's contentions are without merit, the district court must conduct a hearing" Anderson v. United States, 948 F.2d 704, 706 (11th Cir.1991)(internal citations omitted). However, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing ... neither do they provide a basis for imposing upon the state the burden of

responding in discovery to every habeas petitioner who chooses to seek such discovery" Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir.1987). The Court finds that Petitioner's assertion of improper conduct by the jury expert has not risen to even the level of a bald assertion. Petitioners failure to proffer any basis for his statement that the expert had "improper contact" with potential jurors [493 at 25-26] and then to request discovery on this issue, appears to be merely a fishing expedition. Therefore, Petitioner's Motion for an Evidentiary Hearing [510], in so far as it relates to Petitioner's nonspecific allegation that the Government's jury expert had improper contact with members of the jury during jury selection, is **DENIED.**

In the March 12, 2009 order, the Court also requested that the Petitioner provide more specific information concerning the evidence he expected to present through mitigation witnesses "who could have testified about bizarre sexual activities that were allowed or occurred involving Defendant as a child" (Traverse [511] at 13.). At the evidentiary hearing, the Court will hear oral arguments on whether, assuming that the proposed evidence were presented, Petitioner would be entitled to relief on the asserted ground. After those arguments, the Court will make a determination on whether it will allow further evidence to be presented. If additional evidence is allowed, a later hearing will be scheduled to receive that evidence.

Based on the foregoing, Petitioner's Motion [510] is **GRANTED** as provided above. The Courtroom Deputy Clerk will confer with counsel and set the case down for an evidentiary hearing.

**SO ORDERED**, this  8th  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge