UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 2:02-CR-038-RWS-SSC-1 |
| WILLIAM EMMETT LECROY, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S PROFFER OF MITIGATION WITNESS TESTIMONY**

The Government argues in the Government's Response to Defendant's
Proffer of Mitigation Witness Testimony (Doc. 538)(hereinafter "Government's
Response") that the testimony of the witnesses proffered by the Defendant in his
Proffer of Mitigation Witness Testimony (Doc. 527)(hereinafter "Defendant's
Proffer") may be relevant evidence supporting Dr. Lisak's opinion testimony that
the Defendant was sexually molested as a child. (Government's Response, pp. 6-
7). But the Government contends that this testimony would be merely
"cumulative" of the "summary" testimony that was provided by the Defendant's
mitigation expert, Jan Vogelsang. (Government's Response, pp. 4-5). The
Government also complains about the lack of specificity with respect to the
particular testimony that each of the proffered witnesses would give.
(Government's Response, pp. 2-3).

Ms. Vogelsang, in her lengthy testimony, referred briefly and in a general manner to inappropriate sexual behavior by the Defendant, which Dr. Lisak testified is a strong indicia of sexual abuse as a child (February 8, 2010 Transcript, pp. 580-581)(Doc. 537).[1] But the Government's description of this testimony as "summary" testimony is correct. Such "summary" hearsay testimony by an expert is no substitute for direct testimony from individuals who actually observed and could recount the details of the inappropriate sexual behavior. The mere fact that Ms. Vogelsang referred to these incidents in the context of her testimony would surely not have prohibited the defense at trial from calling the actual witnesses who could provide specifics in context as to each incident.

Indeed, the failure to validate Ms. Vogelsang's "summary" testimony with the actual witnesses supporting her conclusions may well have been ineffective assistance of counsel itself, in combination with other factors. As the Commentary to Guideline 10.10 of the ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases states, "Counsel should ordinarily use lay witnesses as much as possible to provide the factual foundation for expert's

---

[1]The Government's expert, Dr. Medlin, agreed that such "sexually reactive" behavior is a factor in determining whether sexual abuse has occurred. (February 8, 2000 Transcript, p. 706)(Doc. 537).

2

conclusions."[2] Studies show that juries in capital cases are particularly skeptical of an expert witness' testimony when not supported by lay witnesses. See, Scott E. Sundby, "The Jury as Critic: An Empirical Look at How Capital Juries Perceive Expert and Lay Testimony", 83 Va.L.Rev. 1109, 1139-1144 (1997)("As with the other concerns jurors raised about experts, these juror reactions do not mean that experts cannot play an important and effective role. What they do emphasize, though, is the risk of having an expert play a leading rather than supporting role in developing the defense's case. If the expert performs as a soloist, presenting theories unsupported by facts established by more credible witnesses who are free of the suspicions attached to experts, the testimony is likely to be discounted at best or to have a negative spillover effect at worse. If, on the other hand, the expert takes the role of accompanist and helps harmoniously explain, integrate, and provide context to evidence presented by others, the jury is far more likely to find the expert's testimony useful and reliable."

Nevertheless, whether the failure to present the proffered testimony would in and of itself or in combination with the other failures of the defense constitute ineffective assistance of counsel need not be decided on the front end, as the

---

[2]The United States Supreme Court has repeatedly relied upon these ABA standards as a guide in judging whether counsel has provided competent representation in capital cases. See, Wiggins v. Smith, 539 U.S. 510, 522-525 (2003); Williams v. Taylor, 529 U.S. 362, 369 (2000); Florida v. Nixon, 543 U.S. 175, 191 & fn. 6 (2004); Rompilla v. Beard, 545 U.S. 374, 387 & fn. 7 (2005).

Government appears to argue. (Government's Response, pp. 5-6). The sole question before the Court is whether this evidence should be received at all so that the Court can then determine whether the failure to call these witnesses in the total context of the case constituted ineffective assistance of counsel. In short, the Court should not judge the power of the witnesses' testimony in advance. The Court should receive the witnesses' testimony and then determine from the totality of the evidence whether the Defendant has made out a constitutional claim for ineffective assistance of counsel.

With respect to the specifics of the testimony, contrary to the Government's claim (Government's Response, pp. 2-3), the Defendant's Proffer is quite detailed. Mostly the Government quibbles about are a few occasions where specific dates or places cannot be remembered by the witness, not the substance of the relevant events. The witnesses will be able to provide their best recollections of the details of and the total context of the events they witnessed when called to testify.

Because the evidence is clearly relevant to the Defendant's ineffective assistance of counsel claim and the Government does not claim otherwise, the Court should receive the proffered evidence which will provide context and detail not provided by the testimony of the trial defense expert, Ms. Vogelsang, or of that of Dr. Lisak, which was not presented by the trial attorneys although it was available. This evidence would not have been found to have been cumulative at the

4

time of trial, just because of Ms. Vogelsang's testimony, and it should not be found to be so cumulative that it should not be received by the Court in support of Defendant's §2255 motion.

This 25th day of June, 2010.

Respectfully submitted,

s/John R. Martin
44 Broad Street, N.W.                    John R. Martin
Suite 202 - The Grant Building           Georgia Bar No. 473325
Atlanta, Georgia  30303
404.522.0400
jack@martinbroslaw.com

s/Sandra Michaels
44 Broad Street, N.W.                    Sandra Michaels
Suite 202 - The Grant Building           Georgia Bar No. 504014
Atlanta, Georgia  30303
404.522.0400
slmichaels@mindspring.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2010, I electronically filed the foregoing **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT PROFFER OF MITIGATION WITNESS TESTIMONY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to William McKinnon, Assistant United States Attorney.

s/John R. Martin
JOHN R. MARTIN