UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 2:02-CR-038-RWS-SSC-1 |
| WILLIAM EMMETT LECROY, JR. | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WILLIAM EMMETT LECROY, JR. | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | 2:08-CV-2277-RWS |
| | ) | |
| v. | ) | Prisoner Habeas Petition |
| | ) | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**DEFENDANT LECROY'S MOTION TO ALTER OR AMEND JUDGMENT
WITH INCORPORATED AUTHORITY**

Defendant William Emmett LeCroy, Jr., by and through his undersigned

appointed counsel, hereby moves the Court, pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure, to alter or amend the Judgment entered in his case.

-1-

On March 30, 2012, this Court entered its Order (Doc. 551) denying the

Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §

2255 (Doc. 493), but dismissing without prejudice the Defendant's challenge to the

constitutionality of the current federal execution protocols. Pursuant to this Order, Judgment was entered in favor of the Respondent and entered and filed by the Clerk on April 2, 2012. (Doc. 552). The Defendant now moves the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Judgment entered upon the Order executed by this Court.

-2-

In its Order the Court concluded that the Defendant had failed to satisfy the performance prong of Strickland v. Washington, 466 U.S. 668, 687 (1984), with respect to the investigation and presentation of mitigating evidence at sentencing. (Doc. 551, pp. 132-145). In reaching this conclusion the Court did not consider any of the evidence that counsel for the Defendant proffered with respect to witnesses who would have provided detailed evidence supporting the defense theory that the Defendant's actions in this case were the product of childhood sexual abuse. (Doc. 527). The Court previously denied the defense request to present this evidence based upon its conclusion that the proffered evidence of "bizarre sexual activity" would merely be "cumulative" of testimony by the Defendant's mitigation expert at trial, Jan Vogelsang. (Doc. 540)(TT-2531-32). However, while the testimony of Ms. Vogelsang at trial does mention in a general fashion the lack of adult supervision, misogynistic attitudes towards women and sex and masturbation rituals, this testimony was never directed at the key issue with respect to whether the Defendant had actually been sexually abused as a child.

-3-

As Dr. Julie Medlin, the Government's sexual abuse expert, testified, and as the Court recognized in its Order, "sexually reactive behavior," such as age inappropriate and precocious sexual acts, is a strong indicator of childhood sexual abuse. (Doc. 551, pp. 102-103). Dr. Lisak also testified about the significance of "precocious or regressive sexual aggression" as evidence of childhood sexual abuse. (Doc. 551, p. 97). However, the generalized testimony of the Defendant's mitigation expert at trial was not specific in this respect. But the specific and detailed evidence of "precocious" sexual activity in the proffered testimony of witnesses who were either not investigated by the defense or who were interviewed by the defense but not called to testify, would have provided specific examples to rebut Dr. Medlin's contention that the Defendant was manufacturing his sexual abuse history in order to curry favor in the prison setting. We are not talking simply about so-called "bizarre" sexual activity, but instead specific precocious and age inappropriate activity, a strong indicator of childhood sexual abuse. This evidence is different from simply an over sexualized environment, as Ms. Vogelsang summarized her investigation. It involves specific age unusual sexual acts by a child, who has been initiated into sexual behavior by an abuser. (Cf., Cooper v. Secretary, Department of Corrections, 646 F.3d 1328, 1349 (11th Cir. 2011)("[W]e agree with the district court that the Florida Supreme Court's finding that the mitigation evidence presented at the evidentiary hearing was cumulative to

that presented at sentencing was an unreasonable determination of facts.");

Sinisterra v. United States, 600 F.3d 900, 907 (8th Cir. 2010)( "The factual allegations set forth in the § 2255 motion differ in kind and substance from the evidence contained in the recorded interviews presented at trial. The district court's order denying relief did not address the allegations, concluding instead that the recordings sufficiently conveyed the evidence of Sinisterra's childhood.").

-4-

For example, the first witness described in the Defendant's proffer (Doc. 527, ¶1) is Julie Cook, the Defendant's paternal cousin, who would have testified that when she was only five years old and Mr. LeCroy was ten years old he would lie on top of her and simulate sexual intercourse with her by rubbing his body back and forth on hers. Linda Cook, Julie Cook's mother, would have confirmed this testimony (Doc. 527, ¶5). Another cousin, Kristie Cook Grisis, would have similarly testified regarding "inappropriate sexual behavior with the Defendant when they were children." (Doc. 527, ¶2).

-5-

The Court in reaching its conclusions regarding the effectiveness of counsel in investigating and presenting its mitigation case never considered the failure to marshal this evidence which would have effectively rebutted the testimony of Dr. Medlin, because the Court erroneously concluded that this testimony was simply "cumulative" to the generalized trial testimony of Ms. Vogelsang. Instead, the

proffered testimony was specific evidence that could have refuted Dr. Medlin's testimony, no matter how "dressed up" it might have been. (Doc. 551, p. 140).

-6-

Accordingly, the Defendant respectfully requests that the Court alter and amend its Judgment in this case, because the Order upon which that Judgment was entered did not consider in its analysis critical evidence that was available but not presented by the defense which could have and should have been developed and presented to rebut the testimony of Dr. Medlin. After all, the uninformed excuse by the defense for not calling Dr. Lisak was fear of Dr. Medlin, but there were available witnesses with compelling evidence of childhood sexual abuse who could have effectively undermined Dr. Medlin's suspicions of a false report, but they were never called. This failure to consider this evidence, which would have supported the defense that counsel actually wanted to present, a defense based on mental illness that was the product of childhood sexual abuse, should cause the Court to reconsider its conclusions as to whether defense counsel were constitutionally deficient in their performance.

[signatures on next page]

This 27th day of April, 2012.

Respectfully submitted,

s/John R. Martin
John R. Martin
Georgia Bar No. 473325

44 Broad Street, N.W.
Suite 202 The Grant Building
Atlanta, Georgia  30303
404.522.0400
jack@martinbroslaw.com

s/Sandra Michaels
Sandra Michaels
Georgia Bar No. 504014

44 Broad Street, N.W.
Suite 202 The Grant Building
Atlanta, Georgia  30303
404.522.0400
slmichaels@mindspring.com

Counsel for William LeCroy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2012, I electronically filed the foregoing

**MOTION TO ALTER OR AMEND JUDGMENT** with the Clerk of Court using

the CM/ECF system.

s/John R. Martin
JOHN R. MARTIN